THOMAS M. LANAHAN *vs.* CHARLES H. WARD & others.

To compute the amount due at any given time on a bond given to pay $7,500 on or before May 7, 1859, "with interest from date at and after the rate of seven per cent. per annum, payable the 7th day of May, 1858, and after that time semi-annually until the principal sum of $7,500 be paid," seven per cent. instalments should be reckoned with interest on them up to the time when the principal was due, and seven per cent. simple interest on the amount then found due, from thence until the time to which the amount is to be computed, inasmuch, as by force of the words "until the principal sum be paid," the contract rate must be held to govern to the time of actual payment, although after maturity.

BILL IN EQUITY to foreclose a mortgage on lands in Newport, R. I., executed to secure a bond for $7,500, dated May 7, 1857, given by David P. Hall to Gerrit Smith, the bond and mortgage having been subsequently assigned to the complainant. The essential parts of the bond are stated at the commencement of the opinion of the court.

The cause having been referred to Francis B. Peckham, Jr., Esq., Master in Chancery, to compute the interest and ascertain the amount justly due the complainant on the said mortgage, the master reported that by the terms of said bond a semi-annual instalment of interest, amounting to $262.50, became due and payable on said mortgage on every 7th day of November and 7th day of May in each year, subsequent to the 7th day of May, 1858, and that there was also due to the complainant interest, at the rate of six per centum per annum, upon every instalment of interest from the time it became due. The case was now heard on the respondents' exceptions to the master's report.

*Payne & R. M. Hall*, of New York, for the respondents, in support of the exceptions, contended that the report of the master was in violation of the general rule, that compound interest, or interest on interest is never allowed in courts of law or equity, citing *Leonard* v. *Villers*, 23 Ill. 377 ; *State of Connecticut* v. *Jackson*, 1 Johns. Ch. 13, and cases there cited ; *Van Beuschoten* v. *Lawson*, 6 Johns. Ch. 313 ; *Toll* v. *Hiller*, 11 Paige, 228 ; *Forman* v. *Forman*, 17 How. Pr. 255 ; *Hastings* v. *Wiswall*, 8 Mass. 455 ; *Kittredge* v. *McLaughlin*, 38 Maine, 513 ; *Bannister* v. *Roberts*, 35 Maine, 75 ; *Doe* v. *Warren*, 17 Maine, 48 ; *Lightfoot* v. *Price*, 4 Hen. & Munf. 431 ; *Morey* v. *Bishop*, 5 Paige, 98 ; *Henderson* v. *Hamilton*, 1 Hall (N. Y.), 314 ; *Ferry* v. *Ferry*, 2 Cush. 92 ; *Van Hemert* v. *Porter*, 11 Met. 210 ; *Stone* v. *Locke*, 46 Maine, 445 ; *Stokeley* v. *Thompson*, 34 Pa. State, 210 ; *Dean* v. *Williams*, 17 Mass. 417 ; *Childers* v. *Dean*, 4 Rand. 406.

*Sheffield*, for the complainant, *contra*.

POTTER, J. This suit is to foreclose a mortgage given to secure a bond executed in New York, to pay $7,500, on or before May 7, 1859, " with interest from date, at and after the rate of seven per cent. per annum, payable the 7th day of May, 1858, and after that time semi-annually, until the principal sum of $7,500 be paid." The master has decided that interest was due semi-annually for the whole time, and has so reckoned it up to the date of his report, allowing as damages six per cent. interest (the legal rate in Rhode Island) on these instalments.

The defendant contends that the master should have allowed only simple interest at seven per cent. per annum from May 7,

1857, the date of the bond, to the date of his report, without instalments. In the case of *Wheaton* v. *Pike*, 9 R. I. 132, this court allowed instalments to be stated in reckoning interest, and interest on these instalments up to the time the principal was due. On the amount so ascertained to be thereon due, simple interest thenceforward.

We do not feel justified in going farther in the present case. The objections to a different course, as stated in the opinion in the former case, are strong, and it is difficult to see how they can be obviated. It is claimed that the words, " until paid," distinguish this case from the former one. We can, however, give effect to these words by applying them to the rate of interest. The defendant claimed that the interest should be seven per cent. simple interest from date of the bond, and without any interest whatever on the instalments, on the ground that that is the rule of the New York courts in construction of their usury laws.

It is undoubtedly true that the contract being executed in New York, and, for aught that appears, to be performed there, is to be construed by New York laws. But we do not find that it was in any way shown before the master what the New York law was, as to the mode of reckoning interest, and therefore we must presume the law to be the same as our own. We therefore should so far sustain the exceptions as to direct seven per cent. instalments to be reckoned with interest on them up to the time when the principal was due, and seven per cent. simple interest on the amount then due, from thence until the present time.                    *The case is to be recommitted to the master.*